UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAZARO LAGO-LAMADRID, )
) CASE NO. C11-1802-RAJ
    Petitioner, )
)
v. )
) REPORT AND RECOMMENDATION
ERIC H. HOLDER, JR., Attorney General of )
the United States, )
)
    Respondent. )
_____ )

On October 27, 2011, petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. No. 1.) The only relief petitioner requested in his habeas petition was an order commanding his release from detention. *Id*. Respondent filed a Return and Motion to Dismiss on December 15, 2011, which was noted for consideration on January 6, 2012. (Dkt. No. 11.) Petitioner filed opposition papers on December 27, 2011 and January 3, 2012. (Dkt. Nos. 15 and 16.) Respondent filed a reply on January 5, 2012. (Dkt. No. 17.) In his reply, respondent requested an additional three weeks to supplement the reply to include the Immigration Judge's written findings from a January 4,

REPORT AND RECOMMENDATION
PAGE -1

2012 bond hearing. *Id*. On January 9, 2012, however, respondent filed a Motion to Supplement Return and Motion to Dismiss along with documentation which indicates that petitioner was released from detention under an Order of Supervision on January 9, 2012. (Dkt. No. 18, Ex. A.) Respondent asserts that because petitioner has been given the relief sought in his habeas petition – release from detention – this matter has become moot and should be dismissed. *Id*.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

As respondent asserts, petitioner's habeas petition challenged only his continued detention and sought an order directing his release. Because petitioner has been released from immigration detention, which is the only relief he sought, the petition has become moot and should be dismissed. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

01     A proposed Order accompanies this Report and Recommendation.

02     DATED this 11th day of January, 2012.

                                            /s/ Mary Alice Theiler
                                            Mary Alice Theiler
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3